## TURNER *v.* HAMMERLE.

[No. 8,036. Filed May 13, 1913.]

1. DESCENT AND DISTRIBUTION.—*Rights of Surviving Wife.—Estates Under Five Hundred Dollars.*—Under §§2943-2946 Burns 1908, §§2419 and 2422 R. S. 1881, Acts 1903 p. 145, providing for the vesting in the widow of the estate of her deceased husband, where the same is worth less than $500, the rights of a widow, who has complied with all the conditions imposed by the statute and has procured a decree vesting title in her, are not affected by an outstanding judgment for tort against the decedent, on which an execution had been issued and served in the lifetime of decedent, since the statute specifically provides that a widow in acquiring property thereunder shall not be liable for any of decedent's debts, except mortgages of real estate and the expenses of his last sickness and funeral. p. 438.

From Probate Court of Marion County (10,356) ; *Frank B. Ross,* Judge.

Proceedings by Katherine Hammerle, widow of Peter Hammerle, deceased, to have the estate of decedent vested in her as worth less than $500. From a judgment vesting the estate in such widow, and denying the application of Alma E. Turner, a judgment creditor of decedent, for a reappraisement, this appeal is prosecuted. *Affirmed.*

*Frank M. Hay, Frank C. Starkey* and *Charles A. Slinger,* for appellant.

*John P. Leyendecker,* for appellee.

ADAMS, J.—Appellee, as the widow of Peter Hammerle, filed her petition to have the estate of her late husband vested in her, pursuant to §§2943-2946 Burns 1908, §2419 R. S. 1881, Acts 1903 p. 145, §2422 R. S. 1881. Ap-

praisers were appointed, and returned an inventory and appraisement, showing the entire estate to be worth less than $500. Appellant, as a judgment creditor of Peter Hammerle, asked for a reappraisement, which, when made and returned, still disclosed an estate worth less than $500. Appellant then filed a verified motion and petition for the appointment of an administrator. The motion was overruled, and the court entered a decree vesting the estate in appellee. This ruling is complained of as error.

In her petition for the appointment of an administrator, appellant showed that she was the owner of a judgment in tort for $750, rendered against Peter Hammerle; that 1. execution had been issued on the judgment and served on said Peter Hammerle shortly before his death. Appellant insists that as her judgment became a lien on the property which appellee asked to have set off to her, and as said property might have been sold as the property of Peter Hammerle, without the privilege of exemption, it must follow that her lien cannot be divested by the death of the judgment debtor. There is no merit in this contention. The statute which provides an exemption from sale on judgments arising out of contract, to the extent of $600 in value to resident householders, bears no relation to the statute giving to a widow, under certain conditions, the entire estate of her husband, where the same is worth less than $500. When a widow has complied with all the conditions imposed by law, and the court has entered a decree vesting in her the title to such estate, then, by the terms of the statute, "such widow shall not be liable for any of the decedent's debts, except mortgages of real estate, but she shall pay and may be sued for reasonable funeral expenses of the deceased and expenses of his last sickness." §2946 Burns 1908, *supra*. The words of the statute are plain and unambiguous. There is no room for construction. A judgment in tort is not one of the debts enumerated which the widow is bound to pay, and as she is discharged from the payment of all debts other

than those named, she is not liable personally, nor is her property liable for the payment of appellant's judgment. The court did not err in denying the petition for the appointment of an administrator.

The judgment is affirmed.

NOTE.—Reported in 101 N. E. 827. See, also, 18 Cyc. 383, 387. As to liability of heirs and devisees for debts of ancestors and devisors, see 112 Am. St. 727.