## ROSE *v*. ROSE, GUARDIAN.

[No. 7,949.   Filed May 14, 1913.]

1.  DRUNKARDS.—*Guardians.—Discharge of Guardian.—Discretion of Court.—Statutes.*—Under §6177 Burns 1908, §4320 R. S. 1881, providing that upon the application of a drunkard, who is under guardianship, his property shall be restored and the guardian discharged, if such applicant shall show to the court by satisfactory evidence that he has reformed and has voluntarily refrained from the use of intoxicating liquors for at least one year preceding the application, some discretionary power is vested in the court to determine whether it has been satisfactorily shown that the inebriate has reformed and has voluntarily refrained from the use of liquor for at least one year preceding the application.  p. 443.

2.  DRUNKARDS.—*Discharge of Guardian.—Reformation.*—The reformation contemplated by §6177 Burns 1908, §4320 R. S. 1881, providing for the discharge of the guardian of an habitual drunkard on a proper showing that the inebriate has reformed, is none other than that of a good faith reformation of the inebriate in his use of intoxicating liquors, and is shown by satisfactory evidence that he has in fact been led to see and realize the importance of controlling his appetite for liquor, and that by his total abstinence for the period relied on he has evidenced both a good faith desire and ability to continue to refrain from the use of such liquors.  p. 444.

3.  DRUNKARDS.—*Application for Discharge of Guardian.—Evidence. —Discretion of Court.*—Although the evidence on the application of a drunkard to have his property restored and the guardian discharged, showed that he had refrained from drinking for a period of about a year and a half prior to the trial of the cause, the court did not abuse its discretion in denying the application, where the interrogation of the applicant by the court developed facts tending to show that he had once before refrained from drinking for about a year and then commenced again.  p. 444.

4.  APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*— The error, if any, on the application of a drunkard for the discharge of his guardian, in permitting questions to be propounded relative to the applicant's moral character, and the character of his place of business, was harmless, where the record discloses that none of the witnesses testified to any immorality, violence or vice on the part of the appellant for a period of a year and a half.  p. 445.

From Vanderburgh Circuit Court; *A. C. Hawkins,* Judge *Pro Tem.*

Action by James L. Rose against Henry L. Rose, his guardian, for the restoration of his property and the discharge of such guardian. From a judgment denying the relief and continuing the guardianship, the plaintiff appeals. *Affirmed.*

*Edgar Durre* and *Clifford T. Curry,* for appellant.
*George A. Cunningham,* for appellee.

HOTTEL, J.—This is an action based on §6177 Burns 1908, §4320 R. S. 1881. The facts shown by appellant's verified petition are in substance as follows: At the September term, 1897, of the Vanderburgh Circuit Court, appellant was placed under guardianship, under §6175 Burns 1908, §4318 R. S. 1881, on account of the fact that he was an habitual drunkard and appellee was appointed his guardian. At the time appellant filed his petition herein more than one year had elapsed since such appointment, and appellant no longer suffered from the infirmity of inebriacy; but had reformed and voluntarily refrained from the use of intoxicating liquors for more than one year and was fully capable of managing his own property and estate, and there was no need for the continuation of such guardianship. Summons was duly issued for the guardian, and attorneys appeared for the wife of the appellant but filed no answer or other pleading. The cause was tried by the court and after having heard the evidence, the court denied the restoration of the property and continued the guardianship. Motion for new trial was overruled and this ruling is assigned as error. Several grounds for new trial are stated in the motion therefor, but those urged and relied on for reversal relate to the admission of evidence and to the sufficiency of the evidence to sustain the decision.

The real question presented by the appeal, turns on the construction to be given to §6177 Burns 1908, *supra,* which

is as follows: "If, at any time after one year from
1.   the appointment of such guardian, such person shall
        make application to such court to have his property
restored to him and such guardian discharged, and shall
show to the court, by satisfactory evidence, that he has re-
formed, and has voluntarily refrained from the use of intox-
icating liquors for at least one year preceding such applica-
tion, such court shall order his property restored to him and
such guardian discharged upon making proper settlement
with the court." It is insisted by the appellant that this
section is mandatory and requires the trial court in such
case to restore the property where the undisputed evidence
shows that the petitioner has voluntarily refrained from
the use of intoxicating liquor for more than one year. We
have been unable to find any construction of such statute by
either of the courts of appeal of this State, but we think its
language indicates an intention on the part of the legislature
to lodge some discretionary power with the trial court called
upon to determine whether the inebriate should have re-
stored to him the control of his property. Before it is au-
thorized to restore such control, such court must be shown
by *satisfactory evidence* that the inebriate *has reformed* and
has voluntarily refrained from the use of intoxicating liquor
for *at least one year* preceding such application. We think
it clear that this language imports an intention on the part
of the legislature to deprive the trial court of any discretion-
ary power in the matter of restoring such property within
the year after the appointment of such guardian, but the
words *"at least"* used in the connection in which they are,
make equally clear an intention to give to such court some
discretionary power after the expiration of the year. The
petitioner in such case does not comply with the terms of the
statute by simply showing that he has voluntarily refrained
from the use of liquor for the period mentioned, but he
must also show by *satisfactory evidence* that he has *re-
formed*.

We do not mean to be understood as holding or indicating that any reformation is contemplated by the section of statute involved, other than that of a good faith reformation of the inebriate in his use of intoxicating liquors, but such court must be shown by satisfactory evidence that the inebriate has in fact been led to see and realize the importance of controlling his appetite for liquor, and that by his total abstinence for the period relied on, he has evidenced both a good faith desire and ability to continue to refrain from the use of such liquors.

It is insisted by counsel for appellant that even if it be conceded that the statute involved lodges in the trial court a discretionary power, that the undisputed evidence in this case shows that there has been such an abuse of this discretion by such court as calls for a reversal of its decision. The evidence that the appellant had refrained from drinking for a period of about a year and a half prior to the trial of the cause, is undisputed and, standing alone, would indicate an abuse of the discretionary power vested in the trial court, but this was not all the evidence given in the case. Appellant was questioned by the trial court, and this examination developed that about two or three years before the trial, he, in company with his brother and brother-in-law, the guardian, went to the trial judge and on that occasion in an extended conversation between such parties, appellant stated to such judge in substance that he had overcome his appetite for liquor, that he had not taken a drink for about a year and that he would never take another drink, and expressed a desire that such judge should have his guardian then report and turn appellant's property over to him. The guardian then said to appellant that he and his brother and the judge were his friends and would gladly turn his property over to him but that they did not believe that he had abstained from the use of intoxicating liquor long enough, that they thought that he ought to wait a little longer. Appellant insisted that he had reformed and would

never take another drink of intoxicants. The guardian and appellant's brother then stated to appellant that if he would promise, in the presence of the judge, that he would stay sober until the first of January, following, that they would come into court and say to the court that he was capable of managing his own property and that it should be turned over to him. Appellant reluctantly consented to this arrangement. The judge then told him that he would only be too glad to turn his property over to him if he would show the court and his brother and brother-in-law that he was going to abstain from the use of liquor. Before the first of January he had been intoxicated and inside of two months was "down in the gutter", and as bad as before. This evidence is of such a character as to prevent us from saying that there was a clear abuse of the trial court in the decision it reached.

Certain questions were propounded to the appellant and other witnesses when on the stand relative to appellant's moral character, and the character of his place of business, involving an insinuation that it was visited by immoral women. These questions were objected to and furnish some of the grounds for new trial. Appellant, in his brief, states that after the court "let the bars down" so that appellee might bring in what appellant deemed a collateral matter, "not one witness testified to a single act of immorality, violence or vice on the part of appellant for the period of a year and a half." Appellant is corroborated in this statement by the record. It follows that no harm could have resulted from the answers and hence no reversible error is presented by the admission of the evidence.

We find no error in the record.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 827. See, also, under (1) 14 Cyc. 1102; (4) 40 Cyc. 2419. As to cases in which the exercise of judicial discretion may be controlled, see 98 Am. Dec. 375.